TESCHEMACHER (UNITED STATES v.). See Case No. 16,455.

## Case No. 13,844.

### In re TESSON et al.

[9 N. B. R. 378.] [1]

District Court, E. D. Missouri. 1874.

TRUSTS—RIGHT TO FOLLOW FUNDS—BANKRUPTCY—PROVING CLAIMS.

1. The beneficiaries may follow a trust fund into the hands of anyone receiving it with notice of the trust.

2. Where an executor had invested funds of the estate in his partnership business with the knowledge and assent of his co-partner, the parties entitled to the fund may prove their debts against the partnership, although they have proved against the estate of the executor.

[Cited in Re Jordan, 2 Fed. 321.]

In bankruptcy.

TREAT, District Judge. J. C. Cabanne and S. C. Cabanne have filed their proof of claim against the partnership estate of the bankrupts, to the allowance of which the assignee objects. Edward P. Tesson was executor of the estate of John P. Cabanne (the brother of the petitioner) and placed the fund of that estate now in question in the business of the partnership with the knowledge of the other partner that it was a trust fund. Under the established rule in equity, Edward P. being express trustee, Edward M. would have become implied trustee if he had individually received and used the fund with notice of its true character. As both partners knew and consented to the partnership use of the trust fund, the partnership as such is liable therefor. Downes v. Power, 2 Ball & B. 491; Morgan v. Stephens, 3 Giff. 226; Hubbell v. Currier, 10 Allen, 333; Belknap v. Belknap, 5 Allen, 468; Wilson v. Moore, 1 Mylne & K. 337; Trull v. Trull, 13 Mylne & K. 407; ex parte Watson, 2 Ves. & B. 414; Ex parte Warne, 2 Rose, 413; Smith v. Jameson, 5 Term R. 601. If the partnership were not in bankruptcy, the cases hold that assumpsit could be maintained. But does the fact of its bankruptcy prevent the beneficiaries from pursuing the partnership estate? There is no question here that all beneficial interest in the fund is vested in the petitioners. If they could maintain their action against the partnership when solvent, why not pursue the assets in bankruptcy? But they have already proved their demand separately against Edward P., who was the executor misappropriating the fund, and he has no separate assets. Indeed, he was the sole capitalist of the partnership, into which he placed all of his property. If he had a separate estate applicable to the payment of this demand, more doubt might arise. The cases referred to wherein it is held that a creditor may prove a joint and several demand against both the joint and several estate, and not be compelled, as ruled in the English cases, to elect to which fund he will pursue, are not so full and clear as to be

1 [Reprinted by permission.]

conclusive upon the points now submitted. Farnum's Case [Case No. 4,674]; Mead v. Bank [Id. 9,366]; In re Bigelow [Id. 1,397]; In re Howard [Id. 6,750]; In re Beers [Id. 1,229]; Borden v. Cuyler, 10 Cush. 476; Ex parte Clowes, 2 Brown, Ch. 595. Still the general principle is broad enough to cover this case. Edward P., the executor, was unquestionably liable for the trust fund in his hands. When the co-partnership, as such, received and used the fund with full knowledge of its character, the co-partnership became liable therefor. The creditors or beneficiaries could, therefore, pursue one or the other. The only doubtful proposition is whether they can pursue both; but as the whole separate estate of Edward P. was merged in and constituted the entire estate of the co-partnership, and as no question as to adjudgment between the two estates for dividends paid by each, can arise, the doubt, if any, should be solved in favor of the creditor. Forsyth v. Woods [11 Wall. (78 U. S.) 484], and In re Downing [Case No. 4,044], are not adverse to the conclusion reached. The first of these two cases does not reach the point here decided, and the Downing Case rather favors this equitable result. Those who received and enjoyed the fund should be liable for it. The petitioners can prove their demand against the co-partnership estate.